# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WAYNE STOCKLEY,<br>               Appellant, | DOCKET NUMBER<br>DE-1221-15-0167-W-2 |
|        v. | |
| DEPARTMENT OF THE TREASURY,<br>               Agency. | DATE: December 9, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas F. Muther, Jr., Esquire, Denver, Colorado, for the appellant.

Richard I. Anstruther, Esquire, San Francisco, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has petitioned for review of the February 1, 2016 initial decision in this individual right of action appeal. Refiled Appeal File, Tab 2, Initial Decision; Petition for Review (PFR) File, Tab 1. For the reasons set forth

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

below, we VACATE the initial decision, and DISMISS the referenced appeal as settled.

¶2 After the filing of the petition for review, the parties submitted a document entitled "SETTLEMENT AGREEMENT" signed and dated by the appellant on July 29, 2016, and by the agency on August 5, 2016. PFR File, Tab 4. The document provides, among other things, for the dismissal of the appeal. *Id*., ¶ 3.2.

¶3 Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, understand its terms, and intend to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). We find here that the parties have, in fact, entered into a settlement agreement, that they understand the terms, and that they agree that the agreement will not be entered into the record for enforcement by the Board. PFR File, Tab 4, ¶ 10.3.[2]

¶4 Accordingly, we find that dismissal of the petition for appeal "with prejudice to refiling" (i.e., the parties normally may not refile this appeal) is appropriate under these circumstances.

¶5 This is the final order of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulation, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

---

[2] Although the parties acknowledge that the referenced settlement agreement will not be entered into this record for enforcement purposes, the identical settlement agreement will be entered into the record in a related appeal over which Board jurisdiction has been found. PFR File, Tab 4, ¶¶ 3.1, 3.2, and 10.3.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other

courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.